George A. Arkwright, J.
The plaintiffs, in separate causes of action, sue the defendant for overtime, liquidated damages and counsel fees under subdivision (a) of section 7 of the Fair Labor Standards Act of 1938, as amended (TI. S. Code, tit. 29, § 207, subd. [a]). The said section, in force at the times mentioned herein and insofar as here applicable, prohibits an employer from employing any of his employees, who in any work week was engaged in commerce or in the production of goods for commerce for a work week longer than 40 hours, unless such employees receive compensation therefor in excess of the hours specified at a rate not less than one and one-half times the regular rate at which they are employed.
The defendant W. T. Grant Company is and was a foreign corporation, with a regional office in New York City. It maintains and operates numerous neighborhood variety department stores in many of the States of the Union, including New York and New Jersey. It also maintains two general national warehouses, one in Metuchen, New Jersey, and the other in Fort Wayne, Indiana.
Said “ Maximum hours ” provision of the Fair Labor Standards Act is applicable to such employees as are engaged in commerce or in the production of goods for commerce, the commerce referred to being interstate commerce.
The test as to whether a plaintiff comes within the provisions of the act depends upon the character of the employee’s work and the special facts pertaining to the particular business (Kirschbaum Co. v. Walling, 316 U. S. 517, 524; Walling v. Jacksonville Paper Co., 317 U. S. 564, 571). It is the employee’s activity that governs and not the engagement of the employer in an interstate business or in the production of goods therefor. In Maybee v. White Plains Pub. Co. (327 U. S. 178, 184), the court stated: “We hold that respondent is engaged in the production of goods for commerce. That, of course, does not mean that these petitioners, its employees, are covered by the Act. The applicability of the Act to them is dependent on the character of their work.”
It is conceded by the defendant here that it is engaged in interstate commerce. It is not engaged in the production of goods for commerce. The fact that an employer may be so engaged does not mean that all its employees are necessarily covered by the act. Their coverage, as stated, is dependent upon the character of their activities (Goldberg v. Wade Lahar *404 Constr. Co., 290 F. 2d 408, 415, and the numerous cases cited therein).
The plaintiff Dowling was hired as a management trainee by the store manager of defendant’s store No. 202 at Hackensack, New Jersey, on January 24, 1958. He worked in that capacity at that store and in the local warehouse or stockroom for that store. He priced, tagged and inventoried merchandise; clipped tickets; put new prices on merchandise; and assisted heads of departments in the store. On March 10, 1958, as a trainee, he became an employee of another of defendant’s stores, No. 183 in Bayonne, New Jersey. "While there employed, on August 8, 1958, he was promoted to the position of floor man or divisional merchandiser. Among the things he did was constructing areas in the store for toys and engaging in store sales work. On November 14,1958, he became an employee of another of defendant’s stores, No. 38 in Union City, New Jersey, and he remained there as such merchandiser until January 30, 1959. He set up counters and fixtures, built displays, trained store personnel, made change for customers, and did general cleaning work. On January 30, 1959, he was employed by the manager of defendant’s store No. 282 in New York City, New York, as a divisional merchandiser. He checked the work of department heads in the store, changed departments around as to their physical location. He instructed help, and assisted in selling in the store. On September 14,1959, he was employed by defendant’s store No. 260 in New York City and remained there as a divisional merchandiser, training help for that store; checking, ordering and receiving merchandise; changing counters; doing painting and carpentry work, and building fixtures, until October 8, 1959, when he resigned.
The plaintiff Coughlin was employed on May 13, 1957 until July 8,1957 as a management trainee by the manager of defendant’s store No. 283, which was then being prepared for opening, at Bloomfield, New Jersey. On July 8, 1957 to October 3, 1957 he was employed as such trainee by the manager of defendant’s store No. 724, at Parsippany, New Jersey. Over the period October 16,1957 to November 14, 1957, he was employed as such trainee by the manager of defendant’s store No. 526 in Rahway, New Jersey. He resigned on the latter date. His work, duties and activities were similar in nature to those performed by the plaintiff Dowling in that capacity. He did stock work, carpentry, glazier work, construction work, and even the work of a porter. The stores in which he was employed, as in Dowling’s case, were retail stores, substantially all their sales being retail and not *405 wholesale, and the sales being made in the States in which the respective stores were located.
The activities and performance of the respective plaintiffs in this case show that the work that they were engaged in was of a local, retail, intrastate business, centering about each separate store in which they were employed.
Each store was operated on an individual basis. Each had a manager in charge. It was the manager’s responsibility to operate his store. Payment of help and other expenses was made by the manager. Ninety to 100% of the annual dollar volume of the sales made by each store was retail and not for resale, and was made locally in the State where each such store was located. The manager made all purchases of the necessary merchandise for his store from various independent manufacturers. At times, an order was placed by a store manager at the two Grant general warehouses which were operated separately and distinctly from the stores. The stores were physically separated although they were part of a chain. Each was a separate retail entity (see Phillips Co. v. Walling, 324 U. S. 490).
On the facts and circumstances disclosed herein, it cannot be said that the plaintiffs were engaged in interstate commerce or in the production of goods for interstate commerce.
Judgment is granted in favor of the defendant against the plaintiffs at the conclusion of the entire case and the complaint is dismissed.
The employees have the burden of establishing that they are covered by the act (Goldberg v. Wade Lehar Constr. Co., 290 F. 2d 408, supra). They have failed to sustain the burden of proof. They are without the act.